UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDRICK BOLDEN, | ) | CASE NO.  1: 22-cv-380 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS | ) | |
| CLEVELAND, *et al*., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

### Introduction

This is another *pro se* and *in forma pauperis* action filed by Plaintiff Fredrick Bolden against medical providers.  Plaintiff filed a complaint in this action against University of Hospitals of Cleveland, Richmond Medical Centers of Ohio, David Yeunik Hahn MD, and Puja Kumar MD. (Doc. No. 1.)[1]

Plaintiff's complaint contains few (if any) specific factual allegations, but he generally complains about the care he received during an emergency room visit.  He alleges "Defendant(s) University Hospitals & Richmond medical centers didn't ensure the highest level of service to Plaintiff during [an] emergency visit," "made serious medical errors," and failed to properly "medically screen and diagnose" him, which he contends "led to many forms of unnecessary pain," a "near death experience," and to suffer "prolonged serious injuries."  (*Id.* at 1-2.)

The specific legal claims Plaintiff seeks to assert are unclear.  He generally asserts "discrimination, negligence, infringement, and/or malpractice of his Civil Rights" and that

---

[1] Plaintiffs have filed two other *pro se* cases against medical providers which have already been dismissed.  *See Bolden v. Marymount Hospital Cleveland Clinic, et al.*, No. 1: 22-cv-378 (N.D. Ohio May 25, 2022); *Henderson et al. v. University Hospitals Cleveland Medical Center, et al.*, No. 1: 22-cv-745 (N.D. Ohio May 25, 2022).

Defendants have violated his "right to equality in public places."  (*Id.*)  He seeks $10 million in damages.

## Standard of Review and Discussion

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or construct claims for them.  *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. Dec. 4, 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To survive a dismissal for failure to state a claim, "a complaint must set contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face."  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)).  Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Additionally, the factual allegations must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Even according Plaintiff's complaint the deference to which a *pro se* pleading is entitled,

the unclear and conclusory statements and assertions set forth in his pleading fail to meet basic pleading requirements, and his complaint fails to contain allegations suggesting he has any plausible federal claim.  *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

At the most, Plaintiff's complaint suggests state-law tort claims for medical negligence or malpractice.  But to the extent Plaintiff asserts such claims, the Court declines to exercise supplemental jurisdiction over them.  A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  And there is no basis for an exercise of diversity jurisdiction over state-law claims, as Plaintiff indicates he and all Defendants are citizens of the same state.

### Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and for the reasons stated above, his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 6, 2022

BRIDGET M. BRENNAN
U. S. DISTRICT JUDGE

---

[2] Any state-law claims Plaintiff seeks to assert are dismissed without prejudice. *Bullock v. City of Covington*, 698 Fed. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted).

3